E-FILED
Friday, 06 November, 2026 04:21:08 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| TIMOTHY BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:26-cv-04115-MMM |
| | ) | |
| ERIN POSEY, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Facility, seeks to assert claims in this Court. His Motion to Proceed in Forma Pauperis, Dkt. 3, is granted. He is paying a reduced filing fee as determined under the Court's procedure to address filing fees for impoverished civil detainees.

Courts must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court reviews the operative Complaint before directing service to ensure that a federal claim is stated and that the action is not frivolous or malicious.

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff names as Defendant the Director of IDHS's Treatment and Detention Facility at Rushville, Erin Posey.

Plaintiff was convicted of a sex crime against a minor in Illinois Circuit Court and was sentenced in 2002; after serving a period in prison on that sentence, in 2007 a civil jury found Plaintiff was a sexually violent person under Illinois law and Plaintiff was then civilly detained. *Bell v. Raoul*, 88 F.4th 1231, 1233–34 (7th Cir. 2023). Plaintiff was released to home confinement in 2023 while remaining in custody of IDHS. *Id.* at 1235.

On April 14, 2026, Plaintiff was charged with two counts of escape of a sexually violent person and a count of attempted criminal damage to government property in DuPage County Case No. 2026CF000804, the online docket of which is a public record not subject to doubt and of which this Court therefore takes judicial notice. Plaintiff alleges that the presiding judge in that 2026 felony case released him back to his home confinement, but that despite that ruling, IDHS took him back into institutional custody at its Rushville facility and held him in detention there after strip searching him. He alleges he was held for a period without clothes or bedding.

Plaintiff alleges that his detention at the Rushville facility was unlawful under the Fourth Amendment, given the judge's ruling in the 2026 felony case that Plaintiff should be released back to home confinement/conditional release. He also appears to assert, separately, that certain conditions under which he was held for some period at Rushville were objectively unreasonable under the Fourteenth Amendment.

Plaintiff's Fourth Amendment unlawful detention claim is without legal merit. Plaintiff remained in IDHS custody while on home confinement and remained subject to the terms of that status, including the potential for return to institutional detention upon violating those terms. To the extent he believes the new criminal allegations against him (one count of which he has now pled guilty to) did not allow IDHS to revoke his home confinement and return him to state facility confinement, his claims are *Heck* barred. *Bell v. Raoul*, 88 F.4th at 1235 (§ 1983 suit challenging custody—whether home confinement or facility based—cannot succeed unless and until the underlying judgment of detention has been invalidated); *Bell v. Raoul*, No. 4:26-CV-04174-JEH, 2026 WL 2818197, at *1 (C.D. Ill. Sept. 18, 2026) (same, dismissing Plaintiff's claims that he was improperly detained at the Rushville TDF on what appear to be virtually the same basic allegations underpinning the instant suit—as to the unlawful detention claim). There is no indication that the judgment underlying Plaintiff's detention—regardless of any rulings in a separate prosecution in Illinois court that were not directed toward the original judgment—has been invalidated.

That leaves Plaintiff's allegations related to being strip-searched and held in a cell for a some time without clothing or bedding. These claims are too scantily pled to state a Fourteenth Amendment claim. Plaintiff does not allege how Defendant Posey was involved in causing any of those problems. To hold a defendant liable under § 1983, Plaintiff must plausibly allege "that the defendants were personally responsible for the deprivation of their rights." *Wilson v. Warren Cty., Illinois*, 830 F.3d 464, 469 (7th Cir. 2016). "A defendant is personally responsible 'if the conduct causing the

constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Id.*, *quoting Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). The mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* does not apply to actions filed under 42 USC §1983. See *Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008) (supervisor liability on agency theory not permitted under § 1983); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992) (supervisors are not liable for the errors of their subordinates based on agency theory).

Federal Rule of Civil Procedure 8 states a complaint must include "a short and plan statement of the claim showing the pleader is entitled to relief." *See* Fed. R. Civ. P 8(a)(2). The purpose of this rule is to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citation omitted); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Therefore, Plaintiff must clearly state his claim, including who was involved, what that person did to violate the Constitution, and when the alleged actions took place.

IT IS THEREFORE ORDERED:

1. **Plaintiff's Motion to Proceed in Forma Pauperis [3] is GRANTED.**

2. **Plaintiff's Motion to Request Counsel [7] is denied. Even if he had demonstrated a reasonable attempt to find a volunteer lawyer, he has demonstrated ample ability to proceed as a self-represented litigant, through dozens of federal lawsuits and appeals, as well as extensive state court litigation. This lawsuit is not complex, and is at the very beginning. He may renew his motion if he states a plausible claim for relief and if he does so the Court will again consider whether he has demonstrated an inability to continue representing himself.**

3. **Plaintiff's unlawful detention claim is dismissed with prejudice as *Heck* barred.**

4. **Plaintiff's Fourteenth Amendment objectively unreasonable conditions of detention claim is dismissed because it does not plausibly state a claim for relief against Defendant Posey.**

5. **The Court will allow Plaintiff one opportunity to file a motion for leave to amend his complaint, with proposed amended complaint attached, if he so desires and believes he can state a plausible claim for relief. Plaintiff must file his proposed amended complaint on or before December 3, 2026.**

6. **If Plaintiff elects not to seek leave to amend, or if his proposed amended complaint still does not state a claim, this case will be dismissed and judgment will be entered.**

Entered November 6, 2026.

*s/Michael M. Mihm*

MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE